FILED
JAN 21 2022
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEWIS ROSS BROWN, III,<br><br>          Plaintiff,<br><br>     v.<br><br>CRAIG W. ULMER,<br><br>          Defendant. | Civil Action No. 1:21-cv-03128 (UNA) |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se* and *in forma pauperis* ("IFP"), initiated this matter on November 24, 2021, by filing a civil complaint, ECF No. 1. The original complaint alleged that plaintiff, a former employee of the Environmental Protection Agency's Office of the Inspector General, suffered retaliation arising from his status as a whistleblower, in violation of the Inspector General Act of 1978 ("IGA"), 5 U.S.C. App. 3 § 1 *et seq*.

On December 27, 2021, the court issued an order ("Ord."), ECF No. 3, finding that the IGA does not create a private right of action, *id.* at 1–2 (citing *Alford v. Defense Intelligence Agency*, No. 10-631, 2011 WL 13349594, at *2 (D.D.C. Oct. 24, 2011); *Johnson v. Rinaldi*, No. 1:99CV170, 2001 WL 677306, at *5 (M.D.N.C. Apr. 13, 2001); *Seba v. Digenova*, No. 86–2838, 1987 WL 9231, at *5 (D.D.C. March 24, 1987)), but noting that plaintiff's claims could potentially be raised pursuant to other federal statutes, *id*. at 2. Therefore, plaintiff was provided with a 30-day extension by which to file an amended complaint succinctly identifying the specific causes of action he intends to bring, against whom, in what capacity, and identifying the legal bases, proper authority, and relevant facts sufficient to state such claims. *Id.*

On January 15, 2022, plaintiff filed an amended complaint, ECF No. 4, raising the same

retaliation allegations pursuant to the IGA, and additionally, pursuant to the Whistleblower Protection Act ("WPA"), *see* 5 U.S.C. § 2302 *et seq*. For the reasons explained herein, the amended complaint will be dismissed without prejudice.

First, and once again, the court finds that there can be no private cause of action under the IGA, for the reasons already expressed by the court. *See* Ord. at 2–3. Second, this court lacks subject matter jurisdiction over plaintiff's WPA claim. An employee who believes that he has suffered unlawful retaliation under the WPA must first bring his claim to the Office of Special Counsel ("OSC"). *Weber v. United States*, 209 F.3d 756, 758 (D.C. Cir. 2000) (citing 5 U.S.C. § 1214). The OSC is then required to investigate the complaint "to the extent necessary to determine whether there are reasonable grounds to believe that a prohibited personnel practice has occurred." *Id.* (quoting 5 U.S.C. § 1214). "If the OSC determines that a prohibited personnel practice has occurred, it must report its findings to the Merit Systems Protection Board (MSPB), and it may petition the Board to take action on behalf of the employee. But even if the OSC's investigation does not support the complaint, the employee still may bring an individual action before the MSPB." *Id.* (citing 5 U.S.C. § 1221). And "[u]nder no circumstances does the WPA grant the District Court jurisdiction to entertain a whistleblower cause of action brought directly before it in the first instance." *Stella v. Mineta*, 284 F.3d 135, 142 (D.C. Cir. 2002). Put differently, exhaustion of administrative remedies is mandatory to raising a WPA claim in federal court. *See Gavin v. Dep't of Air Force*, 314 F. Supp. 3d 297, 305 (D.D.C. 2018) (citing *Webster v. U.S. Dep't of Energy*, 267 F. Supp. 3d 246, 268 (D.D.C. 2017)("Plaintiffs bringing [Whistleblower Protection Act] claims must exhaust their administrative remedies.")).

Moreover, in any circumstance, the MSPB's determination of a WPA claim is appealable *exclusively* to the Federal Circuit. *Weber*, 209 F.3d at 758 (citing 5 U.S.C. § 7703). While a

plaintiff may plausibly bring a "mixed case" in this District —i.e., involving the WPA in combination with claims under other viable federal anti-discrimination employment statutes— plaintiff has filed a "pure" WPA case, therefore depriving this court of jurisdiction. *See Gammill v. Dep't of Education*, 989 F. Supp. 2d 118, 121–22 (D.D.C. 2013) (collecting cases and citing 5 U.S.C. § 7703(b)(1)). Despite the opportunity to amend the complaint, plaintiff does not identify any other federal authority, by either direct citation or inference, beyond the IGA and WPA.

For all of these reasons, this case is dismissed without prejudice to refiling a complaint correcting the noted deficiencies above, should he, in fact, intend to file suit in this court. A separate order accompanies this memorandum opinion.

Date: January 21, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge